FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2020

SEAN F. MCAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RENEE ANN G., | NO: 2:19-CV-44-FVS |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment.

ECF Nos. 12, 13. This matter was submitted for consideration without oral

---

[1] Andrew M. Saul is now the Commissioner of the Social Security

Administration. Accordingly, the Court substitutes Andrew M. Saul as the

Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P.

25(d).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

argument.  Plaintiff is represented by attorney Chad Hatfield.  Defendant is represented by Special Assistant United States Attorney Michael Howard.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's Motion, ECF No. 12, is denied and Defendant's Motion, ECF No. 13, is granted.

## JURISDICTION

Plaintiff Renee Ann G.[2] (Plaintiff), filed for child's insurance benefits[3] on May 26, 2016, alleging an onset date of November 17, 2009.  Tr. 168-71.  Benefits were denied initially, Tr. 91-97, and upon reconsideration, Tr. 99-105.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on December 20, 2017.  Tr. 31-65.  On March 5, 2018, the ALJ issued an unfavorable decision, Tr.

---

[2] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

[3] An adult disabled before age 22 may be eligible for "child's benefits" if a parent is deceased or starts receiving retirement or disability benefits. These are called "child's benefits" because they are paid on a parent's Social Security earnings record.  The adult child must be unmarried, age 18 or older, have a disability that started before age 22, and meet the definition of disability for adults. *See* 20 U.S.C. § 402(d).

12-30, and on November 29, 2018, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1988 and was 29 years old at the time of the hearing. Tr. 168. She graduated from high school, has an A.A. in technical education, and is a licensed cosmetologist. Tr. 384. She worked as a cosmetologist for three months. Tr. 49-50. She cried at work every day because her boss was mean to her and she was eventually fired. Tr. 50-51. She testified that she has headaches every day and three times a week they are so bad that she has to lie down for the day. Tr. 55. Sometimes she has to go to the hospital for nausea and pain medicine. Tr. 55.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a

mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §

404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant

is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 17, 2009, the alleged onset date.  Tr. 17.  At step two, the ALJ found that before the age of 22,[4] Plaintiff had the following severe impairments: obesity, anxiety, depression, and headaches.  Tr. 17.  At step three, the ALJ found that before age 22, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 17.

---

[4] The relevant period is from Plaintiff's alleged onset date of November 17, 2009, until Plaintiff turned 22 on July 10, 2010.

The ALJ then found that, before the age of 22, Plaintiff had the residual functional capacity to perform light work with the following additional limitations:

> the claimant can never climb ramps or stairs. The claimant can occasionally crawl and kneel. The claimant must avoid exposure to lights brighter than an ordinary office. The claimant can perform superficial, brief contact with general public and coworkers. The claimant had [to] have no more than ordinary production requirements. She would work best independently. She should not perform work in tandem with others or in teams.

Tr. 19.

At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 21. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that before the age of 22, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed such as photocopy machine operator, marker, or mail clerk. Tr. 22. Thus, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time before she attained the age of 22. Tr. 23.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying child's insurance benefits under Title II of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for review:

1. Whether the ALJ properly considered the medical opinion evidence;

2. Whether the ALJ properly considered the listings at step three;

3.    Whether the ALJ properly evaluated Plaintiff's symptom claims;

4.    Whether the ALJ properly considered the lay witness statements; and

5.    Whether the ALJ made a legally sufficient step five finding.

ECF No. 12 at 6.

## DISCUSSION

**A.    Sheena K. Aurora, M.D.**

Plaintiff contends the ALJ improperly failed to address the opinion of Dr. Aurora, a neurologist. ECF No. 12 at 10. The record contains office visit notes from Dr. Aurora dated January 11 and January 12, 2010. Tr. 360-63. On January 11, Dr. Aurora noted that Plaintiff "has headaches now all the time. She is completely debilitated from them. She has nausea, sensitivity to light and smells and stress triggers the headache."[5] Tr. 361. Her impression was, "this patient has migraines" and thought they could potentially be caused by raised intracranial pressure. Tr. 362. Dr. Aurora recommended an aqueductal flow study and stated, "[i]f this comes back normal, then I really think we need to concentrate on giving her psychological support and controlling that[,] I suspect." Tr. 362. On January 12, Dr. Aurora indicated the aqueductal flow study was completely normal and opined that "[t]his does not seem to be a physiological disturbance." Tr. 360. She

-----

[5] The January 11 record appears to be incomplete, as the first page begins mid-sentence. Tr. 361.

recommended ruling out pseudoseizures through epilepsy monitoring and "more help on a psychological basis." Tr. 360.

Plaintiff contends Dr. Aurora's note that Plaintiff is "completely debilitated" by her headaches is a "disabling opinion" which the ALJ failed to address. ECF No. 12 at 10. If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).

First, it is not clear that Dr. Aurora's note that Plaintiff is "completely debilitated" by her headaches is a medical opinion. ECF No. 12 at 10. A medical opinion is a statement from an acceptable medical source that reflect judgments about the nature and severity of the claimant's impairments, including the claimant's symptoms, diagnosis and prognosis, what the claimant can do despite any impairment, and the claimant's physical or mental restrictions. 20 C.F.R. §

404.1527(a)(1). Read in context, the statement seems to be a recitation of Plaintiff's symptom complaints rather than a judgment about the nature and severity of her condition. Tr. 361.

However, even if Dr. Aurora's statement is a medical opinion, an ALJ may reject an opinion that does "not show how [the claimant's] symptoms translate into specific functional deficits which preclude work activity." *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 601 (9th Cir. 1999). To the extent Plaintiff contends that Dr. Aurora's statement is an opinion that Plaintiff is disabled, a medical source statement that a claimant is "disabled" or "unable to work" does not require the ALJ to determine the claimant meets the definition of disability. 20 C.F.R. § 404.1527(d)(1). Furthermore, while the ALJ did not specifically address the "completely debilitated" comment, it is clear that the ALJ considered the records from Dr. Aurora. Tr. 20 (citing Tr. 360-63). Based on all of the foregoing, the Court concludes there is no error.

**B.    Step Three**

Plaintiff contends the ALJ erred by failing to conduct a proper step three analysis. ECF No. 12 at 11-12. ECF No. 12 at 11. At step three of the evaluation process, the ALJ must determine whether a claimant has an impairment or combination of impairments that meets or equals a condition contained in the listings. *See* 20 C.F.R. § 404.1520(d). The listings describe "each of the major body systems impairments [considered] to be severe enough to prevent an individual from

doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525. An impairment matches a listing if it meets all of the specified medical criteria. *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990); *Tackett,* 180 F.3d at 1098. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan,* 493 U.S. at 530; *Tackett,* 180 F.3d at 1099. An unlisted impairment or combination of impairments is equivalent to a listed impairment if medical findings equal in severity to all of the criteria for the one most similar listed impairment are present. *Sullivan,* 493 U.S. at 531; *see* 20 C.F.R. § 404.1526(b).

Plaintiff contends the ALJ failed to adequately discuss her headaches under listing 11.02 for epilepsy. ECF No. 12 at 11. At step three, the ALJ indicated that listing 11.02 for epilepsy had been considered, that the medical evidence does not document listing-level severity, and that no physician opined that Plaintiff's impairments equal any of the listed impairments. Tr. 18. The ALJ also considered Plaintiff's mental impairments under listings 12.04, 12.06, and 12.09. Tr. 18.

Plaintiff contends that Plaintiff meets or equals listing 11.02C or 11.02D. ECF No. 12 at 20. Listing 11.02C applies to generalized tonic-clonic seizures occurring once every two months for at least four consecutive months and listing 11.02D requires dyscognitive seizures occurring once every two weeks for at least three consecutive months. 20 C.F.R. Pt. 404, App. 1, § 11.02. Both subsections require adherence to prescribed treatment and evidence of a marked limitation in one

of several areas of functioning. *Id*; *see also* 20 C.F.R. Pt. 404, App. 1, § 11.02 (describing the type of evidence required to meet the listing and defining adherence to treatment and other terms).

In support of the assertion that she meets or equals listing 11.02C or 11.02D, Plaintiff cites Dr. Aurora's statement that, "[s]he is completely debilitated from them [headaches]," and another treatment record noting a two-year history of chronic daily headaches unimproved with trials of medications and indicating that certain other medications would not be appropriate for her "severe and refractory daily headache." ECF No. 12 at 12 (quoting Tr. 326, 361). Plaintiff also refers generally to hospitalizations and associated symptomology and asserts that, "[a]rguably, the evidence also shows marked limitations in interacting with others and adapting or managing herself." ECF No. 12 at 12. None of these findings establishes that Plaintiff meets any of the elements of listing 11.02C or 11.02D. Furthermore, Plaintiff has not shown that her impairments in combination equal listing 11.02.

Based on the foregoing, the Court concludes the ALJ's discussion of listing 11.02, although scant, was sufficient. Even if the ALJ should have explained finding regarding listing 11.02 in more detail, Plaintiff has not met her burden to show that she meets the listing. Furthermore, Plaintiff has not demonstrated or suggested how her impairments combine to equal any listing. The ALJ need not discuss the combined effect of a claimant's impairments or compare them to any listing when the claimant offers no theory, plausible or otherwise, as to how her

impairments combine to equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). Thus, the ALJ's step three finding is sufficient.

## C.     Symptom Claims

Plaintiff contends the ALJ improperly rejected her symptom claims. ECF No. 12 at 15-17. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility

determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

First, the ALJ found Plaintiff's symptom claims are not entirely consistent with the medical record. Tr. 20. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601. However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857. Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ discussed the medical evidence in detail. Tr. 20-21. The ALJ noted that Plaintiff's hospitalization for a seizure on her alleged onset date was determined to be likely due to a withdrawal effect from not taking her medications. Tr. 20, 340, 375. In January 2010, Plaintiff reported that her neurologist said her headaches were related to depression and were not migraines. Tr. 20, 411. Assessments indicating Plaintiff has symptoms of depression including a lack motivation, hopelessness, and suicidal ideation. Tr. 20, 383-90, 395.

Additionally, the ALJ noted the findings of the psychological expert, Nancy Winfrey, Ph.D., who testified that Plaintiff has mental limitations such as difficulty dealing with a high-stress work environment and lots of public contact. Tr. 21. The ALJ credited this opinion and included limitations in the RFC accordingly. Tr. 19, 21. The ALJ noted an unremarkable MRI and observed that Plaintiff's headaches are without clear cause, suggesting they are due to her psychiatric conditions. Tr. 21, 1065; *see also* 322, 328, 364. The ALJ also considered Plaintiff's obesity and generalized pain and assessed a limitation to light work on that basis along with postural limitations. Tr. 20-21, 28F, 24F. The ALJ reasonably considered the medical evidence and this is a clear and convincing reason.

Second, the ALJ found Plaintiff's ability to attend appointments and interact appropriately with providers throughout the record is inconsistent with the level of limitations alleged. Tr. 20. Cooperative and pleasant interactions with health care providers may undermine complaints of difficulties interacting with people. *See*

*Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224–25 (9th Cir. 2010). On this basis, the ALJ found that Plaintiff can handle at least superficial and brief contact with the public and coworkers. Tr. 20. The ALJ further accounted for Plaintiff's symptom claims of poor frustration tolerance and tendency to self-isolate by limiting the RFC to an independent work environment without more than ordinary production requirements. Tr. 20. The ALJ's findings are reasonable and based on substantial evidence, and this is a clear and convincing reason.

Third, the ALJ observed that Plaintiff's headache symptoms improved with treatment. Tr. 21. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3)(iv); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations). The ALJ cited the record indicating that Plaintiff reported that hydrocodone relieves 70 percent of her pain and allows her to travel with friends and attend to her personal needs. Tr. 21, 1043. Plaintiff observes this record is from 2015, after Plaintiff turned 21, and therefore does not apply to the period at issue. ECF No. 14 at 10. To the extent the ALJ erred in considering this as evidence undermining Plaintiff's symptom claims during the period at issue, any error is harmless because the ALJ

cited other clear and convincing reason supported by substantial evidence. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008); *Molina*, 674 F.3d at 1115.

Fourth, the ALJ found that Plaintiff's school activities are inconsistent with the level of limitation alleged. Tr. 21. Even if a claimant's daily activities do not demonstrate a claimant can work, they may undermine the claimant's complaints if they suggest the severity of the claimant's limitations were exaggerated. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). The ALJ noted that despite her reports of headaches and anxiety, Plaintiff was able to pursue her college education. Tr. 20, 54. The ALJ also noted that Plaintiff was able to live independently while going to school. Tr. 21, 56-58. However, Plaintiff completed school before the alleged onset date and testified that her headaches began during her last quarter in school. Tr. 49, 54. Thus, Plaintiff's school attendance does not relate to the period at issue. However, the ALJ cited other clear and convincing reasons, so the error in considering Plaintiff's college attendance is harmless. *See Carmickle*, 533 F.3d at 1162-63; *Molina*, 674 F.3d at 1115.

Fifth, the ALJ noted Plaintiff's work history is limited. Tr. 21. The claimant's work record is an appropriate consideration in weighing the claimant's symptom complaints. *Thomas*, 278 F.3d at 958-59. The ALJ observed that Plaintiff worked at one job as a hairdresser for three months, had a bad experience, and did not return to work. Tr. 21, 58. It is true that Plaintiff would not have had

opportunity for significant work experience under the age of 21, ECF No. 14 at 9-10, and this might not by itself be a convincing reason for rejecting Plaintiff's symptom complaints. However, in combination with other factors, it was reasonable for the ALJ to give some consideration to Plaintiff's work history in evaluating her claims.

Sixth, the ALJ observed that Plaintiff did not fully participate in treatment. Tr. 21. If a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). The ALJ noted that during therapy in August 2011, Plaintiff reported that she had not followed up with a recommendation to visit a naturopath and "is not sure if she wants to get better." Tr. 1510. At the end of the session, therapist noted that Plaintiff would "think about her desire to work on her depression." Tr. 1510. The ALJ reasonably considered Plaintiff's ambivalence about treatment and this finding is supported by substantial evidence.

**D.    Lay Witness Statements**

Plaintiff contends the ALJ improperly rejected the lay witness statements of her mother and sister. ECF No. 12 at 12. Plaintiff's mother submitted two undated statements. Tr. 206-07, 244. She indicated Plaintiff has excessive anger; has pain due to fibromyalgia;[6] cannot take criticism; needs frequent restroom breaks; is in

---

[6] Fibromyalgia is not an alleged impairment and was not addressed in the decision.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

daily pain due to depression, migraines, aches, and pain; struggles with daily life and has difficulty with personal care; is constantly nauseous; struggles to get out of bed due to insomnia; and medications help but do not allow her to enjoy life or do everyday tasks. Tr. 207. She also stated that Plaintiff cries often and has panic attacks, has a low mood, and gets upset very easily. Tr. 206.

Plaintiff's sister submitted an undated statement indicating that Plaintiff struggles to get along with others, has difficulty seeing other perspectives, and is very depressed. Tr. 243. She attributed Plaintiff's inability to get a job to her argumentative demeanor and depression and opined that her sister's array of health issues related to depression make it difficult to maintain a job. Tr. 243.

An ALJ must consider the testimony of lay witnesses in determining whether a claimant is disabled. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony regarding a claimant's symptoms or how an impairment affects ability to work is competent evidence and must be considered by the ALJ. If lay testimony is rejected, the ALJ "'must give reasons that are germane to each witness.'" *Nguyen v. Chater*, 100 F.3d 1462,1467 (9th Cir. 1996) (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Although the ALJ mentioned the statements of Plaintiff's mother and sister in summarizing Plaintiff's symptom claims, the ALJ did not specifically give weight to the statements. Tr. 19.

While the regulations require the ALJ to consider testimony from family submitted on behalf of the claimant, *see* 20 C.F.R. §§ 404.1529(c)(3),

404.1545(a)(3), they do not require the ALJ to provide express reasons for rejecting

testimony from each individual lay witness. *See Valentine*, 574 F.3d at 694. If the

ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need

only point to those reasons when rejecting similar testimony by a different witness.

*Molina* 674 F.3d at 1114 (citing *Valentine,* 574 F.3d at *id.*).

As discussed throughout this decision, the ALJ properly weighed the medical

evidence and properly evaluated Plaintiff's symptom claims. Although the ALJ

erred in failing to give reasons for rejecting the lay witness statements, such error

was harmless given that Plaintiff's mother and sister described limitations similar to

Plaintiff's symptom claims. For example, the ALJ noted Plaintiff's mother and

sister indicated she struggles to get along with others and has symptoms of

depression. Tr. 19. As discussed, *supra*, Plaintiff's ability to attend appointments

and interact appropriately with providers was reasonably determined by the ALJ to

undermine the severity of Plaintiff's allegations of limitations regarding social

interactions. Tr. 20. Additionally, the ALJ included significant social limitations in

the RFC to account for her social difficulties due to depression and anxiety. Tr. 19-

20. Because the ALJ's reasons for rejecting Plaintiff's testimony apply with equal

force to the lay witness statements, the error in failing to specifically weigh them

was harmless. *See Molina*, 674 F.3d at 1122.

/ / /

/ / /

**E.  Step Five**

Plaintiff argues the ALJ erred at step five because the vocational expert's testimony was based on an incomplete hypothetical.  ECF No. 12 at 17-18.  The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations.  *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The hypothetical should be "accurate, detailed, and supported by the medical record."  *Tackett*, 180 F.3d at 1101.  The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel.  *Osenbrook*, 240 F.3d at 1164; *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986).  The ALJ is free to accept or reject these restrictions, even when there is conflicting medical evidence.  *Magallanes*, 881 F.2d at *id.*

Plaintiff contends the hypothetical fails to account for limitations assessed by improperly rejected medical sources, including the absence from work two or more days per month and being off task more than five percent of the time.  ECF No. 12 at 17.  Plaintiff fails to identify the source of these assessed limitations, ECF No. 12 at 17, and the Court does not find such limitations assessed by any medical provider in the record.  The hypothetical contained the limitations the ALJ found credible and supported by substantial evidence in the record.  The ALJ's

reliance on testimony the vocational expert gave in response to the hypothetical was therefore proper. *See id.*; *Bayliss*, 427 F. 3d at 1217-18.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** March 20, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge